IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TRAVIS LAMAR GORDON,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:16-CR-0395-TCB-JCF-1** |
| **UNITED STATES,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:20-CV-0886-TCB-JCF** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion (Doc. 22) and Respondent's response (Doc. 26). The time has passed for Movant to file a reply, and the matter is ready for disposition. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability are due to be denied.

**I.   Background**

On November 21, 2016, the United States Attorney for the Northern District of Georgia charged Movant by information with one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A)(i). (Doc. 1). On that same day, Movant, represented by Paul Roman, pleaded guilty as charged. (Doc. 4). Sentencing occurred on May 18, 2017, with Movant represented by new counsel, Victoria Marie Calvert. (Doc. 18). By judgment entered on May 19, 2017, and amended to correct a typographical error on June 1, 2017, the Court imposed an eight-year term of imprisonment. (Docs. 19-20). Movant did not directly appeal.

In his motion to vacate, deemed filed on February 12, 2020,[1] Movant now seeks collateral relief on two grounds: (1) the residual clause of § 924(c) is unconstitutionally vague and (2) counsel provided ineffective assistance in regard thereto. (Doc. 22 at 4).

## II.   Standard

### A.   28 U.S.C. § 2255

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the

---

[1] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014).

United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The § 2255 movant bears the burden to establish his or her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 164, 166 (1982).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)).  A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the

prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion further below.

### B.     Ineffective Assistance of Counsel

Movant asserts ineffective assistance of counsel, to which Strickland v. Washington, 466 U.S. 668 (1984), applies. A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced the movant. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

4

different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### III. Discussion

Movant challenges his conviction and sentence on the following two grounds: (1) § 924(c)'s residual clause is unconstitutionally vague and (2) counsel provided ineffective assistance by failing to research and present an argument that § 924(c)'s residual clause is unconstitutionally vague.  (Doc. 22 at 4).

Respondent agrees that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, as found by the United States Supreme Court in United States v. Davis, _ U.S. _, _, 139 S. Ct. 2319, 2336 (2019).  (Doc. 26 at 3-4).  Further, Respondent does not contest timeliness to the extent that Movant intended to rely on Davis (which was decided on June 24, 2019).  (Doc. 26 at 5).  Respondent contends, however, that Movant's argument and motion to vacate fail because Movant pleaded guilty to possession of a firearm in relation to a drug trafficking crime, as defined in § 924(c)(2), and did *not* plead guilty to possession of a firearm in furtherance of a crime of violence, as defined in § 924(c)(3)(A) & (B) (known as the residual clause). (Doc. 26 at 3-4).  Respondent further argues that, to the extent that Movant may have intended to rely on something other than Davis to support his argument, his claim

5

would be untimely as more than one year has passed since his conviction became final in 2017.  (Id. at 5).

The Court agrees with Respondent.  It is irrelevant to Movant's conviction that the residual clause in § 924(c)(3)(B) is void for vagueness.  Further, counsel was not deficient for failing to pursue an irrelevant and meritless argument.  See In re Cannon, 931 F.3d 1236, 1243 (11th Cir. 2019) (finding that a charge of possession of drugs with intent to distribute did "not raise residual-clause issues" and remained a valid § 924(c) predicate after Davis); Carver v. United States, 4:14-CR-7-1-CDL-MSH, 2019 WL 4891046, at *3 (M.D. Ga. Aug. 14, 2019) ("While Petitioner is correct that § 924(c)(3)(B)'s residual clause is unconstitutionally vague under Davis, this rule does not apply to Petitioner's convictions [for drug trafficking]."), report and recommendation adopted, 2019 WL 4889260 (M.D. Ga. Oct. 3, 2019).  Accordingly, Movant's § 2255 motion should be denied.

## IV.  Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court

will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V.    Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence (Doc. 22) and a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this <u>19th</u> day of <u>August</u>, 2020.

<u>/s/ J. Clay Fuller</u>
J. Clay Fuller
United States Magistrate Judge